Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: 888-314-8910
Email: JoshuaLThomas@gmail.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANN DASTI<br><br>AND<br><br>JOSEPH DASTI<br><br>   PLAINTIFFS,<br><br>   V.<br>BLOOM AUTO SALES<br>1345 ROUTE 46<br>LEDGEWOOD NJ 07852<br><br>AND<br><br>ELIS AUTOMOTIVE<br>1837 ROUTE 46<br>LEDGEWOOD, NJ 07852<br><br>   DEFENDANTS | CIVIL ACTION NO.:<br><br>*Civil Action*<br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs, JOANN DASTI AND JSOEPH DASTI, by and through undersigned counsel, hereby submits this Complaint against Defendants, and in support thereof, states as follows:

### PARTIES

1

1. Plaintiffs, JOANN DASTI AND JSOEPH DASTI ("Plaintiffs"), are individual residents of the State of New Jersey.

2. Upon information and belief, Defendants Bloom Auto Sales ("Bloom") is a business located at 1345 Route 46 Ledgewood NJ, 07852.

3. Upon information and belief, Elis Automotive ("Elis") is a business located at 1837 Route 46 Ledgewood, NJ 07852.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as this matter involves federal claims arising under federal law, thereby invoking the Court's federal question jurisdiction.

5. This Court has personal jurisdiction over Defendants, as Defendants have had the requisite minimum contacts with the State of New Jersey and Defendants have and continue to regularly conduct business in the State of New Jersey.

6. Venue lies in the United States District Court for the District of New Jersey, as a substantial part of the property that is the subject of this action is located in the State of New Jersey.

7. Further, venue lies in the United States District Court for the District of New Jersey, as a substantial part of the events or omissions upon which Plaintiffs' claims are based has occurred in the State of New Jersey.

8. This Court has supplemental jurisdiction over Defendants pursuant to 28 U.S. Code § 1367 for all state claims.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. On May 15, 2018 Joseph Dasti, an 87 years old with cancer went to Bloom Auto located at 1345 Route 46 Ledgewood NJ, 07852 with the intent to purchase a car.

2. "Mike" the alleged owner approached Mr. Dasti and coerced him in to buying a car, making the claim it is in good condition.

3. Mr. Dasti informed "Mike" the car is for his daughter, Joann Dasti who needed a vehicle so she can assist him with doctor's appointments and to try and meet his other health related needs for his cancer treatments.

4. On May 16, 2018, a representative, allegedly named "George" from Kenvil Automotive Inc., located at 709 US Highway 46 Kenvil NJ, 07847 allegedly looked at the car referred by "Mike" in order to apparently confirm it is in good working order.

5. On May 17, 2018 The Dastis arrived at Bloom Auto to pick up the vehicle and the car was still at Kernvil being reviewed.

6. At that time, a representative of Bloom told the Dastis "there was only a clucking noise from steering wheel".

7. Mr. Dasti paid for the car when the Dastis arrived and said other than that the noise, it was in good condition and that the the mechanic said that the car had nothing else wrong with it.

8. The car was returned to Bloom as the Dastis waited to talk about the car and were told "it was a good buy" by the alleged owner "Mike" who even test drove it in an attempt to further the fraud being committed.

9. That **same day**, May 17, 2018, Ms. Dasti stopped in Bridgewater NJ and when she came out again, the car did not start.

10. Ms. Dasti called Bloom Auto after suffering emotionally and informed them what happened.

11. Their response was to bring the car there, knowing full well it was not starting.

12. On May 24, 2018 Ms. Dasti returned to Bloom Auto with the car with a witness and "Mike" tried to start the car **46 times** and it would not turn over.

13. Eventually when it started, "Mike" said Ms. Dasti was to follow a representative from Bloom Auto to Elis Automotive, located at 1837 Route 46 Ledgewood, NJ 07852.

14. A representative from Elis Automotive, "Eli" stated he had nothing to do with Bloom Auto and he will see if he could figure out what's wrong with the Lemon of a vehicle.

15. He said maybe it was a fuel filter but the car really just sat there on the ground with no one working on it at all.

16. When he tried to start the car it stalled 6 times and Ms. Dasti asked him why he was not doing anything with the car.

17. Then "Mike" from Bloom Auto spoke to him on the phone where Ms. Dasti could not hear them.

18. "Eli" kept trying to distance himself from Bloom Auto's sales.

19. Mr. Joseph Dasti attempted to speak with "Eli" he then lied to Mr. Dasti and tried to minimize the substantial problems with the vehicle.

20. When Ms. Dasti asking "Eli" why won't the car start every time, he yelled at her, swearing and stated "get this funding car out of here now" and stated he's not getting involved.

21. Ms. Dasti called Bloom Auto and once again, emotionally distraught, informed them what happened.

22. The representatives from Bloom Auto said "Eli was "a jerk" even though they sent Ms. Dasti there.

23. As of May 25, 2018 to the present there have been calls back and forth between the Dastis and Bloom Auto, where their true intent was made clear; they told Ms. Dasti if she brings them more money they will put her in a better car.

24. On June 3, 2018, the car failed in a potentially life threatening manner and stopped at an intersection on Route 22 while Ms. Dasti was driving.

25. This almost got her **killed**.

26. They were aware Mr. Dasti has cancer and is 87 years old and that Ms. Dasti had a learning disability.

27. Bloom Auto has been informed of the magnitude and frequency of these issues, but rather than make a good faith effort to assist the Dastis and remedy the actions they took, they simply change their story in each communication, now claiming they told Mr. Dasti not to buy the car, simply piling on the deceit against they innocent victims.

28. To make matters even worse, the speedometer was apparently changed to 197,000 to 327,000 on June 13, 2018, which was a severe increase from when it was purchased.

29. This was a very apparent violation and further caused stress and damages to Plaintiffs.

## **CAUSES OF ACTION**

### **COUNT ONE – ALL PARTIES**
**VIOLATION OF THE FEDERAL ODOMETER ACT ("ACT").**
**49 USC SEC. 32705-32710**

1. Plaintiffs hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

2. Pursuant to 49 U.S. Code § 32710(a) "A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater."

3. Further, pursuant to 49 U.S. Code § 32710(b) "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."

4. The statute here already provides for treble damages. 49 U.S.C. § 32710(a)

5. This statutory enhancement of actual damages serves the same function as common law punitive damages, which is to punish the wrongdoer and deter similar conduct in the future. *Ferris v. Haymore,* 967 F.2d 946, 957 (4th Cir. 1992) (finding section 1989 "inherently punitive"); *see Wahba v. H & N Prescription Center, Inc.,* 539 F. Supp. 352, 355 (E.D.N.Y.1982) (explaining that, under the Consumer Product Safety Act, 15 U.S.C. § 2072 (1976), punitive damages and treble damages both are penalties visited upon the offender to punish and deter).

6. Pursuant to 49 U.S. Code § 32709 (a)(3) " In determining the amount of a civil penalty under this subsection, the Secretary shall consider— (A) the nature, circumstances, extent, and gravity of the violation; (B) with respect to the violator, the degree of culpability, any history of prior violations, the ability to pay, and any effect on the ability to continue doing business; and (C) other matters that justice requires.

7. Further, pursuant to 49 U.S. Code § 32709 (b) "A person that knowingly and willfully violates this chapter or a regulation prescribed or order issued under this chapter shall be fined under title 18, imprisoned for not more than 3 years, or both. If the person is a corporation, the penalties of this subsection also apply to a director, officer, or individual agent of a corporation who knowingly and willfully authorizes, orders, or performs an act in violation of this chapter or a regulation prescribed or order issued under this chapter without regard to penalties imposed on the corporation."

8. It is clear based on the aforementioned facts this this was violated either by a representative of one of the Defendants.

9. As further, it is apparent representatives from Defendant Elis may have been working in conjunction with parties from Defendant Bloom.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in her favor and against Defendants, as follows:

    a. Awarding Plaintiffs actual damages against Defendants;
    b. Awarding Plaintiffs damages for emotional distress against Defendants;
    c. Awarding Plaintiffs attorneys' fees and costs against Defendants;
    d. Awarding Plaintiffs punitive damages against Defendants;
    e. Imposing any other appropriate monetary sanctions against Defendants; and
    f. Any other relief that this Court deems just and proper.

**COUNT TWO- BLOOM**
**UNJUST ENRICHMENT**

1. Plaintiffs hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

2. In establishing a claim for unjust enrichment, "a Plaintiffs must show both that Defendants received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 135 NJ. 539, 554 (1994).

3. As a result of its misrepresentations, Defendants Bloom has been unjustly enriched at the expense of Plaintiffs.

4. It is clear that Defendants either through intentional actions or gross negligence sold a car that was severely deficient.

5. This property was not in working condition, and was made substantially worse after an attempt to repaid.

6. Accordingly, Defendants received a benefit through the sale of a car that was not in proper condition.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in her favor and against Defendants, as follows:

g. Awarding Plaintiffs actual damages against Defendants;
h. Awarding Plaintiffs damages for emotional distress against Defendants;
i. Awarding Plaintiffs attorneys' fees and costs against Defendants;
j. Awarding Plaintiffs punitive damages against Defendants;
k. Imposing any other appropriate monetary sanctions against Defendants; and
l. Any other relief that this Court deems just and proper.

**COUNT THREE – ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1. Plaintiffs hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

2. Defendants acted intentionally in taking the aforementioned actions.

3. The elements of the common-law cause of action for intentional infliction of emotional distress were set forth definitively in Buckley v. Trenton Saving Fund Society, 111 N.J. 355 (1988).

4. First, Plaintiffs must prove that Defendants acted intentionally or recklessly. Id. at 366.

5. Defendants must intend "both to do the act and to produce emotional distress," or he must "act recklessly in deliberate disregard of a high degree of probability that emotional distress will follow." Ibid.

6. Second, Defendants's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Ibid.

7. Third, Plaintiffs must prove Defendants's conduct was a proximate cause of Plaintiffs' emotional distress. Ibid.

8. Fourth, "the emotional distress suffered by Plaintiffs must be so severe that no reasonable [person] could be expected to endure it." Id. at 366-67.

9. As to the first element, there is no question that these modifications to the car and sale of a known malfunctioning vehicle were intentional, and far from negligent or unintended acts.

10. As to the second element, leaving a person with fear of the very real chance of **death** at the use of their product is more than enough to qualify for the second element.

11. As to the third claim, Plaintiffs' distress only began after these actions occurred.

12. Finally, this distress is certainly severe, as it is a very elevated risk of death as discussed above.

13. For these reasons, it seems clear that Plaintiffs has suffered intentional infliction of emotional distress from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that this Court enter judgment in her favor and against Defendants, as follows:

    a. Awarding Plaintiffs actual and compensatory damages against Defendants;
    b. Awarding Plaintiffs damages for emotional distress against Defendants;
    c. Awarding Plaintiffs attorneys' fees and costs against Defendants;
    d. Awarding Plaintiffs punitive and presumed damages against Defendants;
    e. Imposing any other appropriate monetary sanctions against Defendants; and
    f. Any other relief that this Court deems just and proper.

## **COUNT SEVEN – ALL DEFENDANTS**
### NEGLIGENCE

1. Plaintiffs hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

2. Defendants acted negligently in taking the aforementioned actions.

3. To establish negligence under New Jersey law, a plain- tiff must prove four core elements: (1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. County of Essex*, 960 A.2d 375, 196 N.J. 569, 584 (2008).

4. Defendants all had a duty of care towards Plaintiffs in this matter and they breached that duty of care with the aforementioned actions.

5. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiffs that are outlined more fully above and, as a result, Defendants is liable to compensate Plaintiffs for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

6. Plaintiffs seeks actual and compensatory damages for particular material, economic or financial losses suffered directly by her as the proximate result of the injury.

7. Plaintiffs must be compensated for such ill effects she experienced because of the actual damage incurred.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that this Court enter judgment in her favor and against Defendants, as follows:

   a. Awarding Plaintiffs actual and compensatory damages against Defendants;
   b. Awarding Plaintiffs damages for emotional distress against Defendants;
   c. Awarding Plaintiffs attorneys' fees and costs against Defendants;

  d. Awarding Plaintiffs punitive and presumed damages against Defendants;

  e. Imposing any other appropriate monetary sanctions against Defendants; and

  f. Any other relief that this Court deems just and proper.

## COUNT EIGHT – ALL DEFENDANTS
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

1. Plaintiffs hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

2. At all times relevant and material hereto the Plaintiffs was consumers of the Defendants's goods and services and as such the conduct of the Defendants and the transaction was governed by the New Jersey Consumer Fraud Act N.J.S. A. 56:8-1 et seq.

3. At all times relevant and material hereto the Defendants did violate the New Jersey Consumer Fraud Act by engaging in deceptive and fraudulent practices as discussed above.

4. The actions of the Defendants, individually and/or jointly, were performed in direct contradiction to their promises of superior services and conduct, but instead for their own financial self-interests, in detriment to the rights and position of the Plaintiffs.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

  a. Punitive and/or treble damages;

  b. Damages as permitted by statute;

  c. Counsel fees;

  d. All other relief this Court deems necessary and just.

Dated: ___/s/ Joshua Thomas_____

    Joshua L. Thomas & Associates
    Joshua L. Thomas, Esq.
    Supreme Court ID No. 03992012
    225 Wilmington-West Chester Pike
    Suite 200

Chadds Ford, PA 19317  
Phone:215-806-1733  
Fax: 888-314-8910  
E-mail: JoshuaLThomas@gmail.com